**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X   Case No. 17-cv-00015
CAROLYN GANS, on behalf of herself individually
and all others similarly situated,

                             Plaintiff,

                                                                  **CLASS ACTION**
                                                                        **COMPLAINT**

      -against-

ASSET RECOVERY SOLUTIONS, LLC and
STEVEN FISHBEIN,

                             Defendants.
---------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendants and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.     This is an action for declaratory and injunctive relief, and damages, brought by an individual consumer against defendants pursuant to New York General Business Law ("NYGBL") § 349 regarding defendants' deceptive acts and practices.

## JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.  This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.  Plaintiff is a natural person who resides in this District.

6.  Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a(3) as she is a natural person who is alleged by defendants to owe a financial obligation.

7.  The financial obligation which defendants sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendants sought to collect from plaintiff is an allegedly defaulted credit card debt originally incurred, if at all, for personal, family and household purposes to Household Bank ("HSBC").

8.  Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.  Defendant Asset Recovery Solutions, LLC ("ARS") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. ARS uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. The principal purpose of ARS's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. ARS regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, ARS is a foreign limited liability company organized under the laws of the State of Illinois.

14. Defendant Steven Fishbein ("Fishbein") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

15. Fishbein is chief executive officer of ARS.

16. Fishbein is a manager of ARS.

17. Fishbein is an officer of ARS.

18. Fishbein is an owner of ARS.

19. Fishbein took part in formulating, controlling and directing the violative procedures and practices complained of herein.

20. Fishbein had the authority to control the procedures and practices complained of herein.

21. Fishbein had the authority to control ARS.

22. Fishbein uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

23. Fishbein uses the mail and other means in the business of ARS, the principal purpose of which business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

24. Fishbein regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

25. Fishbein is a natural person who upon information and belief resides in Cook County, Illinois.

26. Both defendants shall hereinafter be referred to together as "defendant", unless otherwise indicated.

## FACTUAL ALLEGATIONS

27. Plaintiff re-alleges paragraphs 1-26 as if fully re-stated herein.

28. HSBC alleged that plaintiff owed it a credit card balance which had fallen into default.

29. HSBC alleged that the default occurred in or around the year 2006.

30. The alleged default occurred in or around the year 2006.

31. Subsequent to the alleged default, defendant sent a collection letter to plaintiff.

32. Defendant sent the collection letter to plaintiff no earlier than December 30, 2015.

33. Plaintiff received the collection letter within the one-year period immediately preceding the commencement of this action.

34. The collection letter was the first communication which defendant sent to plaintiff concerning the debt.

35. The collection letter was the first written communication which defendant sent to plaintiff concerning the debt.

36. The collection letter states that the current creditor of the debt is HSBC.

37. The collection letter further states, in relevant part:

"Total Current Balance:                  $5,655.68
 Amount Due at Charge Off:               $2,866.82
 Interest Accrued Since Charge Off:      $.00
 Miscellaneous Fees Since Charge Off:    $.00"

38. The collection letter also states, in relevant part:

"If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification."

39. Defendant sent no letter to plaintiff within five days after it sent the aforesaid collection letter.

40. Defendant did not mention in its collection letter that a judgment had already been obtained against plaintiff for the debt.

41. In fact, in the year 2008 a debt collection agency named Atlantic Credit & Finance, Inc. ("Atlantic Credit") sued plaintiff for the debt.

42. In that lawsuit, Atlantic Credit stated it was the owner of the debt by sale and assignment from HSBC.

43. On the date defendant sent the collection letter to plaintiff, the creditor of the debt was not HSBC.

44. Owing to the filing of false affidavits of service, Atlantic Credit obtained a default judgment against plaintiff in October 2008.

45. The default judgment obtained by Atlantic Credit was in the amount of $3,325.48.

46. The amount of $3,325.48 comprised the charge-off amount of $2,866.82 which Atlantic Credit sued for in its complaint, plus interest of $333.66 and costs and disbursements of $125.00.

47. Interest continued to accrue on the charge-off amount after October 2008.

48. On the date defendant sent the collection letter to plaintiff interest was accruing on the charge-off amount.

49. On the date defendant sent the collection letter to plaintiff interest had accrued on the charge-off amount.

50. Plaintiff was later obliged to retain counsel to secure the vacatur of the default judgment which Atlantic Credit had falsely obtained against her.

51. Upon reading defendant's letter, plaintiff believed, erroneously, that HSBC was the creditor of the debt.

52. Upon reading defendant's letter, plaintiff believed, erroneously, that no interest had accrued on the debt since charge-off.

53. Upon reading defendant's letter, plaintiff did not know that, upon her timely written dispute of the debt, defendant had a duty to mail *to her* a copy of the verification or judgment.

54. Upon learning of defendant's deception, plaintiff felt surprised, confused, annoyed and harassed.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>Failure to identify the creditor of the debt</u>

15 U.S.C. §§ 1692e and 1692g(a)(2)

55.  Plaintiff re-alleges paragraphs 1-54 as if fully re-stated herein.

56.  Defendant stated in the collection letter that the current creditor of the debt was HSBC.

57.  Defendant's said statement was false, deceptive and misleading.

58.  On reading defendant's letter neither plaintiff nor the least sophisticated consumer would know who owns her debt and, if she made a payment, whom she would be paying.

59.  On the date defendant mailed the collection letter to plaintiff, the current creditor of the debt was not HSBC.

60.  Defendant violated the FDCPA, including but not limited to § 1692g(a)(2).

61.  Further, defendant's identification of the incorrect creditor of the debt constitutes a false, deceptive and misleading means used by defendant to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of the FDCPA, § 1692e.

## AS AND FOR A SECOND CAUSE OF ACTION

<u>False, deceptive and misleading statement that no interest had accrued since charge-off</u>

15 U.S.C. § 1692e

62. Plaintiff re-alleges paragraphs 1-61 as if fully re-stated herein.

63. Defendant's collection letter stated, in relevant part:

"Total Current Balance:                     $5,655.68
 Amount Due at Charge Off:                  $2,866.82
 Interest Accrued Since Charge Off:         $.00
 Miscellaneous Fees Since Charge Off:       $.00"

64. Defendant's collection letter states that the amount due at charge-off was $2,866.82.

65. Defendant's collection letter states that no interest or fees had accrued since charge-off.

66. Yet, defendant's letter demanded the total current balance due of $5,655.68.

67. The total current balance demanded confused plaintiff and would confuse the least sophisticated consumer.

68. If the amount due at charge-off was $2,866.82 and no interest or fees had accrued since charge-off, it is confusing as to how the total current balance due had escalated to $5,655.68.

69. In fact, the charge-off amount of $2,866.82 had accrued interest since charge-off.

70. Defendant's statement that the charge-off amount had not accrued interest was false, deceptive and misleading in violation of the FDCPA, § 1692e.

## AS AND FOR A THIRD CAUSE OF ACTION

<u>Failure to inform that defendant would mail verification or judgment to plaintiff</u>

15 U.S.C. §§ 1692e and 1692g(a)(4)

71. Plaintiff re-alleges paragraphs 1-70 as if fully re-stated herein.

72. The collection letter also states, in relevant part:

"If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification."

73. Section 1692g(a)(4) requires that the debt collector inform the consumer that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed *to the consumer* by the debt collector." (Emphasis added).

74. Defendant's collection letter does not inform plaintiff or the least sophisticated consumer that upon timely dispute of the debt, defendant will mail verification or a copy of a judgment *to the consumer*.

75. Plaintiff did not know that defendant had a duty to mail verification or a copy of a judgment to her if she timely disputed the debt.

76. The least sophisticated consumer would not know, upon reading defendant's letter, that defendant had a duty to mail verification or a copy of a judgment to her if she timely disputed the debt.

77. Defendant's letter therefore violates 15 U.S.C. § 1692g(a)(4).

78. Defendant's failure to inform the consumer that defendant had a duty to mail verification or a copy of a judgment to the consumer also constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt and is in violation of 15 U.S.C. § 1692e.

## AS AND FOR A FOURTH CAUSE OF ACTION

## NYGBL § 349

79. Plaintiff re-alleges paragraphs 1-78 as if fully re-stated herein.

80. Each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

81. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that the collection letter which defendant sent to plaintiff is identical in all material respects to the letters which defendant sent to other consumers within the State of New York at all times relevant to this case.

82. Defendant is a collector of consumer debts incurred principally or wholly by natural persons.

83. Defendant contacts thousands of consumers within the State of New York each year by mail.

84. Defendant owed a duty to plaintiff to effect collection of her alleged debt with reasonable care.

85. Defendant breached the duty to collect plaintiff's debt with reasonable care.

86. In the exercise of reasonable care defendant ought to have ensured that the collection letters clearly and accurately identified the creditors of the debts and clearly and accurately informed consumers about the balance of their debts.

87. The letter defendant sent to plaintiff is typical of the letters defendant mailed to consumers within the State of New York during all times relevant to this case.

88. Said letter is derived from a collection letter form used by defendant.

89. Said letter is derived from a collection letter template used by defendant.

90. At all times relevant to this case defendant had a pattern of mailing to consumers within the State of New York collection letters which failed accurately to inform consumers of the creditors of their debts and which confused consumers about the balance of their debts.

91. Defendant's said failures constitute a deceptive and misleading act and practice.

92. Defendant's said failures are deceptive and misleading in a material way.

93. Upon reading defendant's letter, neither plaintiff nor the reasonable consumer would know the creditor of the debt or how the total current balance demanded was computed.

94. Plaintiff is a reasonable consumer within the meaning of the NYGBL.

95. By these deceptive and misleading acts and practices, defendant placed itself in a position of advantage over plaintiff in the debt collection process, confused and injured plaintiff.

96. Each defendant violated NYGBL § 349(a) and is jointly and severally liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

97. Plaintiff re-alleges paragraphs 1-96 as if fully re-stated herein.

98. This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the collection letter states, in sum or substance*:*

> "If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification."

99. The class does not include defendant or persons who are officers, directors, or employees of defendant.

100. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692g(a)(4) by failing to inform consumers that defendant has an obligation to mail to consumers verification of their debt or a copy of a judgment.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

101. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

102. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

103. Communications from debt collectors, such as those sent by defendant, are to be evaluated under the FDCPA by the objective standard of the hypothetical "least sophisticated consumer".

104. As a result of the above violations, defendant ARS and defendant Fishbein are jointly and severally liable to plaintiff and the members of the class for declaratory and injunctive relief, and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against each defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) declaring that each defendant violated the NYGBL;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(e) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(f) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(g) enjoining each defendant from committing further deceptive acts and practices with respect to plaintiff, pursuant to NYGBL § 349;

(h) awarding actual damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) in the alternative to (h), awarding statutory damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(j)   awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349;

(k)   awarding pre-judgment and post-judgment interest as allowed by law; and

(l)   for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      January 3, 2017.

      /s/ *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com